**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **J.R.C., a minor,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1469-KC** |
| | § | |
| **ANGIE SALAZAR, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered the case.  On May 26, 2026, J.R.C., a minor, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, challenging his detention in an Office of Refugee Resettlement ("ORR") facility as unlawful and seeking his release or a bond hearing.  On May 27, the Court ordered Respondents to show cause why the Petition should not granted.  Show Cause Order, ECF No. 2.

Respondents have now filed a Response, ECF No. 3, and in support, the Declaration of Toby Biswas ("Biswas Decl."), ECF No. 4-1.  Biswas explains that "ORR's goal is to release [unaccompanied alien children ("UAC")] to suitable sponsors where consistent with its statutory mandate to ensure that placement does not result in danger to UACs, to the community, or risk of flight by any UAC."  Biswas Decl. ¶ 4 (first citing 6 U.S.C. § 279(b)(1), (b)(2)(A)(ii); and then citing 8 U.S.C. § 1232(c)(1), (c)(3)(A)).  According to Biswas, on May 8, J.R.C.'s father notified ORR that his partner would serve as J.R.C.'s sponsor.  Biswas Decl. ¶ 20.  On May 18, ORR reached out to the father's partner, and, on May 19, she confirmed that she was interested in serving as a "Category 3" sponsor for J.R.C.  *Id.* ¶¶ 20, 21.  On May 28, ORR received a completed sponsorship application from the partner.  *Id.* ¶ 23.  ORR has since referred the

sponsorship application to a Division Sponsor Administration Federal Field Specialist ("DSA FFS") to complete the vetting requirements. *Id.* ¶ 23.

J.R.C., however, alleges that this entire process is unnecessary and erroneous. J.R.C.'s position is that "[he] should not have been designated as an unaccompanied child because he was encountered together with his father and his stepmother." Pet. ¶ 46. He claims that Respondents violated their own policy directive by detaining him when they detained his father, and that they should have left him in the physical custody of a third party designated by his father—the father's partner, who is also J.R.C.'s stepmother. *See id.* ¶¶ 123–24, 158–61.

Accordingly, the Court **ORDERS** that J.R.C. may **FILE** a reply addressing Respondents' Response **by no later than June 5, 2026**.

**IT IS FURTHER ORDERED** that Respondents shall **FILE** an advisory, **by no later than June 5, 2026**, with a reasonable estimate of when the vetting process of J.R.C.'s sponsor will be completed and when ORR will make a suitability determination and release decision.

**SO ORDERED**.

**SIGNED this 2nd day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2