**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **J.R.C., a minor,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1469-KC** |
| | § | |
| **ANGIE SALAZAR, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case. On June 17, 2026, after J.R.C.'s father was granted bond by an immigration judge, Respondents indicated that once released, he "will resume sponsorship" of J.R.C., implying that J.R.C. would be promptly released to his father's custody. Status Report 1, ECF No. 11. Respondents now inform the Court that J.R.C.'s father only just posted bond on June 24 and has not yet notified the appropriate federal agencies of his intent "to pursue sponsorship." 2d Status Report 1, ECF No. 15. J.R.C.'s counsel is apparently working with J.R.C.'s father to do so. *Id.* at 2. It is unclear whether the law permits Respondents to refuse to immediately release J.R.C. to the custody of his biological father, now that he has been released from detention and is thus "in the United States" and "available to provide care and physical custody." *See* 6 U.S.C. § 279(g)(2)(C)(ii).

Accordingly, the Court **ORDERS** that Respondents shall **FILE** a status report **<u>by no later than July 6, 2026</u>**, stating whether J.R.C. has been released from custody into his father's care and physical custody. If not, they must state whether J.R.C.'s father has formally requested that J.R.C. be released into his care; and also explain what authority permits them to continue to

2

detain J.R.C. now that he again has a biological parent and legal guardian living at liberty in the United States.

**SO ORDERED**.

**SIGNED this 26th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE