**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **J.R.C., a minor,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1469-KC** |
| | § | |
| **ANGIE SALAZAR, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case. On July 8, 2026, given Respondents'
representation that J.R.C. sought to be reunited with his biological mother outside of the United
States, the Court ordered J.R.C. to file an advisory stating whether he intended to proceed with
his Petition for a Writ of Habeas Corpus and, if so, his requested relief. July 8, 2026, Order,
ECF No. 19.

On July 15, J.R.C. filed an Advisory, ECF No. 20, confirming that he was granted
voluntary departure on July 7, and "wishes to reunite with his biological mother who resides
outside of the country as expeditiously as possible." *Id.* at 2. J.R.C., however, "requests that the
Court retain jurisdiction over this matter until [he] has been released from ORR custody and
successfully reunited with his biological mother." *Id.* He argues that "the grant of voluntary
departure does not resolve the fundamental issue presented by this case" because his placement
in ORR custody "was unlawful from its inception" and "[t]hat unlawful custody has not yet
ended." *Id.*

Even assuming, as J.R.C. contends, that he was not an unaccompanied alien child within
the meaning of the statute when "the Government separated him from his father and stepmother .

. . who were available and willing to provide for his care and physical custody," he does not contest that his stepmother and father have not submitted, nor plan to submit, a sponsorship application to reunite with him.  *Compare id.*, *with* 1st Status Report 1, ECF No. 11; 3d Status Report 1–2, ECF No. 18.  Thus, at this time, J.R.C. does not have a parent or legal guardian in the United States who "is available to provide care and physical custody."  *See* 6 U.S.C. § 279(g)(2)(C)(ii).  And J.R.C. has not identified any other potential sponsor to whom he may be released.  *See generally* Advisory.  Even if J.R.C. "becomes trapped in prolonged ORR custody despite the grant of voluntary departure," *see id.* at 2, without a sponsor, he cannot be released, *see* 45 C.F.R. § 410.1201.  Accordingly, at this time, J.R.C. is not entitled to the relief he requests.  If circumstances change and J.R.C. seeks release from ORR custody to a sponsor in the United States, he can file a motion to reopen.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to moving to reopen.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 19th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2